KENNEDY, Judge (specially concurring). {27} I write separately only to emphasize what the Opinion, in its latter discussion, suggests — that the issue of an inherently coercive atmosphere has been lost in the shuffle because it was eschewed by D efendant in emphasizing his “right” to be advised that he could refuse to consent to a search. I am concerned that a view toward the totality of the circumstances surrounding a juvenile’s consent to search is broader than the issue Defendant argued. {28} The facts show that the officer stopped Defendant, had him exit the car, frisked him, questioned him about his marijuana use, and detained him until two other officers arrived on the scene before asking him for consent to search the car. This smacks of a situation in which the voluntariness of Defendant’s consent depends less on his knowledge that he can refuse consent and more on the coercive atmosphere inherent to this situation. {29} In a more fully-developed case, I would be more inclined to follow the outline given us by the United States Supreme Court: [W]hen . . . the [sjtate attempts to justify a search on the basis of . . . consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject’s knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent. Schneckloth v. Bustamonte, 412 U.S. 218, 249-50 (1973). RODERICK T. KENNEDY, Judge